UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 12-6196 CAS (MANx) | Date | August 16, 2012 |
|---|---|---|---|
| Title | VIRGILIO OCHOCO v. WELLS FARGO BANK, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Not Present   Not Present

**Proceedings:** (In Chambers:) Plaintiff's *Ex Parte* Application to Remand or for a Temporary Restraining Order

## I. INTRODUCTION

On June 12, 2012, plaintiff Virgilio Ochoco filed the instant action in the Los Angeles County Superior Court against Wells Fargo Bank, N.A. ("Wells Fargo"), NDeX West, LLC,[1] and Does 1 through 20. The complaint alleges five claims for relief: (1) Breach of Contract; (2) Promissory Estoppel; (3) Anticipatory Breech; (4) Intentional Misrepresentation; and (5) Violation of California Business and Professions Code § 17200. The gravamen of plaintiff's complaint is that defendants are wrongfully attempting to pursue non-judicial foreclosure proceedings against plaintiff's home, and that defendants breached a contract by which they agreed to provide plaintiff with a loan modification pursuant to the Home Affordable Modification Program ("HAMP"). Compl. ¶¶ 14–18.

Wells Fargo removed the action to this Court on July 18, 2012.[2] Wells Fargo asserts two bases for federal jurisdiction. First, Wells Fargo contends that a federal question is present because the action "contains allegations of Wells Fargo's purported violation of . . . [HAMP] - and seeks relief thereunder." Notice of Removal at 3–4. Next, Wells Fargo argues that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because plaintiff is a citizen of California and Wells Fargo is a citizen of South Dakota and because the amount in controversy exceeds $75,000. Id. at 6.

---

[1] On June 22, 2012, NDeX west filed a notice of non-monetary status.

[2] Wells Fargo asserts that it did not receive service of process until June 18, 2012, and therefore that removal is timely. Plaintiff does not dispute this point.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-6196 CAS (MANx) | Date | August 16, 2012 |
|---|---|---|---|
| Title | VIRGILIO OCHOCO v. WELLS FARGO BANK, ET AL. | | |

Plaintiff filed an *ex parte* application to remand or for a temporary restraining order on August 8, 2012. Wells Fargo filed its opposition on August 10, 2012. After considering the parties' arguments, the Court finds and concludes as follows.

## II.  BACKGROUND

On or about February 23, 2007, plaintiff purchased real property located at 1286 Sequoia Gln. in Pomona, California. Compl. ¶ 12. To finance a portion of the purchase price, plaintiff executed a promissory note in the amount of $360,000. Id.

In September 2010, plaintiff began suffering financial distress. Plaintiff applied for a loan modification, and on or about October 1, 2010, Wells Fargo approved plaintiff for a temporary loan modification. Id. ¶ 14.

Plaintiff alleges that thereafter, despite his compliance with all the terms and conditions of the temporary modification, he was denied a permanent modification. Id. ¶¶ 15–16. Thereafter, on or about February 16, 2011, NDeX West caused to be recorded a Notice of Default in the Official Records of the Los Angeles County Recorder's Office. Id. ¶ 17. Plaintiff avers that since that time, defendants have been attempting to pursue "wrongful" non-judicial foreclosure proceedings. Id. ¶ 18.

## III.  LEGAL STANDARD

### A.  Remand

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:609 (The Rutter Group 2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| | CIVIL MINUTES - GENERAL | | JS-6 |
|---|---|---|---|
| Case No. | CV 12-6196 CAS (MANx) | Date | August 16, 2012 |
| Title | VIRGILIO OCHOCO v. WELLS FARGO BANK, ET AL. | | |

### B. Temporary Restraining Order

The standards for issuing a temporary restraining order and a preliminary injunction are "substantially identical." Stuhlbarg Int'l Sales Co. v. John D. Brushy & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); see also Cal Pharms. Ass'n v. Maxwell-Jolly, 563 F.3d 847, 849 (9th Cir. 2009). Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1132 (9th Cir. 2011). A "serious question" is one on which the movant "has a fair chance of success on the merits." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984).

## IV. DISCUSSION

### A. Remand

As an initial matter, the Court rejects Wells Fargo's argument that plaintiff has failed to set forth exigent circumstances justifying relief on an *ex parte* basis. See Opp'n at 2. At the time Wells Fargo removed this case, the Los Angeles County Superior Court had already issued a temporary restraining order enjoining defendants from foreclosing on plaintiff's home. For the reasons discussed below, this Court lacks subject matter over this action. Accordingly, it is appropriate to remand the action on an expedited basis in order to allow the Superior Court to enforce its temporary restraining order.

#### 1. Federal Question

Wells Fargo asserts that the Court has jurisdiction on the basis of a federal question because plaintiff's allegations involve purported violations of HAMP. The Court disagrees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-6196 CAS (MANx) | Date | August 16, 2012 |
|---|---|---|---|
| Title | VIRGILIO OCHOCO v. WELLS FARGO BANK, ET AL. | | |

    28 U.S.C. § 1331 provides federal courts with jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States."  In determining whether federal jurisdiction attaches to a state law claim that is predicated on violations of federal law, a court must examine whether the "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005).  Federal question jurisdiction does not exist merely where a court may have to interpret federal laws or regulations; it exists only where "the vindication of a right under state law necessarily turn[s] on some construction of federal law."  Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9–10 (1983).

    "It is well established that there is no private cause of action under HAMP."  Carlos v. Bank of Am. Home Loans, No. CV 10-1966 AHM (VBKx), 2011 WL 166343, *1 (C.D. Cal. January 13, 2011); Singh v. Wells Fargo Bank, 2011 WL 66167, *7 (E.D. Cal. January 7, 2011) (collecting cases).  Further, there is no federal question presented merely because plaintiff's state law claims may incorporate or turn upon allegations of HAMP violations.  Carlos, 2011 WL 166343, at *1.  HAMP "does not mandate federal jurisdiction."  Delgadillo v. Countrywide Home Loans, Inc., No. CV 09-7435 (AHM) (PLAx), 2009 WL 5064943, *2 (C.D. Cal. December 23, 2009).  Further, insofar as plaintiff's claims raise federal issues, they do not reach the level of substantiality necessary to support the exercise of federal jurisdiction.  See Grable, 545 U.S. at 314 ("[T]he presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive; there must always be an assessment of any disruptive portent in exercising federal jurisdiction.").  Thus, the Court lacks jurisdiction on the basis of a federal question.

    **2.**    **Diversity**

    Plaintiff asserts that Wells Fargo has improperly removed this action on the basis of diversity jurisdiction.  Specifically, plaintiff disputes Wells Fargo's contention that it is solely a citizen of South Dakota, the state in which its main office is located.  Instead, plaintiff argues that because Wells Fargo's principal place of business is in California, it is also a citizen of California, and therefore that there is not complete diversity of citizenship.  The Court agrees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    JS-6

| Case No. | CV 12-6196 CAS (MANx) | Date | August 16, 2012 |
|---|---|---|---|
| Title | VIRGILIO OCHOCO v. WELLS FARGO BANK, ET AL. | | |

    28 U.S.C. § 1332 provides federal courts with jurisdiction over actions that arise between citizens of different states where the amount in controversy exceeds $75,000. For purposes of the diversity statute, "national banking associations shall . . . be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348. In Wachovia Bank v. Schmidt, 546 U.S. 303 (2006), the Supreme Court held that in the context of § 1348, a national bank is located in, and therefore a citizen of, the state of its main office as set forth in its articles of association. Id. at 307. The Court thus resolved the question of whether national banks are "located" in every state where they maintain a branch office. Id. at 306. The Court did not, however, resolve whether national banks are also "located" in the state of their principal place of business, and instead left the question to be decided at a later time. Id. at 315 n.8.

    Many courts in the Ninth Circuit have addressed the question left open by the Supreme Court in Schmidt, and have concluded that national banks are also "located" in the state of their principal place of business. E.g., Rouse v. Wachovia Mortg., FSB, No. EDCV 11-00928 DMG (DTBx), 2012 WL 174206, at *14 (C.D. Cal. Jan. 13, 2012); Goodman v. Wells Fargo Bank, N.A., No. CV 11-2685 JFW (Rzx), 2011 WL 2372044, at *2 (C.D. Cal. June 1, 2011); Gutterman v. Wachovia Mortg. Bank, N.A., No. CV 11-1611 GAF (CWx), 2011 WL 2633167, at *1 (C.D. Cal. Mar. 31, 2011); Brown-Parker v. Wachovia Mortg., No. CV 12-00810 RGK (VBKx) (C.D. Cal. April 26, 2012). These courts interpret the term "located" set forth in § 1348 in light of the Supreme Court's acknowledgment that the term may have more than one meaning and that part of Congress's purpose in enacting § 1348 was to bring federal jurisdiction over national banks in parity with federal jurisdiction over state banks and other corporate entities. Rouse, 2012 WL 174206, at *12.

    The Court finds this reasoning persuasive, and finds that Wells Fargo is a citizen of South Dakota, the state of its main office as designated by its articles of association, as well as of California, the state of its principal place of business. Because both Wells Fargo and plaintiff are citizens of California, the Court lacks subject matter jurisdiction on the basis of diversity of citizenship.

    **B.    Temporary Restraining Order**

    Because it lacks jurisdiction over this action, the Court denies plaintiff's request for a temporary restraining order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-6196 CAS (MANx) | Date | August 16, 2012 |
|---|---|---|---|
| Title | VIRGILIO OCHOCO v. WELLS FARGO BANK, ET AL. | | |

## V.   CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS plaintiff's *ex parte* application, and REMANDS this action to the Los Angeles County Superior Court. Plaintiff's request for a temporary restraining order is DENIED as moot.

IT IS SO ORDERED.

00:00
CMJ